IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HECKLER & KOCH, INC., | * | |
| Plaintiff | * | |
| vs. | * | |
| | | CASE NO. 4:09-CV-99-CDL |
| ARIAKON, LLC, | * | |
| Defendant., | * | |

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
PERMANENT INJUNCTION, FEES AND COSTS AGAINST
DEFENDANT ARIAKON LLC

This matter comes before the Court on Plaintiff Heckler & Koch's ("HK") Motion for Default Judgment Against Defendant Ariakon, LLC ("Ariakon"). The Clerk of the Court entered default against Ariakon on October 16, 2009 and Ariakon has failed to contest this case or otherwise respond to the entry of default against it in this matter.

HK subsequently filed a Motion for Default Judgment against Ariakon. In that motion, HK does not seek damages from its Lanham Act and other state statutory and common law claims; HK, however, does seek a permanent injunction, attorney's fees, and costs as provided for in the Lanham Act and Georgia's trademark and deceptive trade practices acts. Ariakon was properly served with HK's motion.

The Court has carefully considered HK's motion, the declarations and exhibits filed in support of the motion, and the balance of pertinent materials in the case file. The Court hereby GRANTS the motion and finds and rules as follows:

FINDINGS

1. The Court has jurisdiction over the subject matter of the case and over Defendant Ariakon.

2. Venue as to Defendant Ariakon in the Middle District of Georgia is proper.

3. The Complaint states a claim upon which relief may be granted against Ariakon under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c); and under O.C.G.A. §§ 10-1- 451(b), 10-1-370, *et seq.;* and under the common law.

4. Ariakon was served with the summons and Complaint on September 9, 2009, pursuant to substituted service of process.

5. Despite service, Ariakon has made no appearance, nor has it filed any answer or other response to the Complaint.

6. Ariakon is a business, and therefore is neither an infant or incompetent.

7. The clerk entered default against Ariakon on October 16, 2009.

8. As a result of the default, Ariakon is deemed to have admitted HK's well-plead allegations of fact.

9. Under the standards applicable to default judgments, the Court finds that Plaintiff HK has succeeded on the merits of its claims under the Lanham Act, the Georgia Deceptive Trade Practices Act, and other claims.

10. The Court also finds that Plaintiff HK has made a showing that it is entitled to the relief requested.

11. The Court finds that a permanent injunction is warranted.

12. There is a showing of irreparable harm and a reasonable likelihood that Defendant Ariakon would continue to engage in the acts and practices alleged in the Complaint unless permanently enjoined from such acts and practices.

13. The Entry of this Judgment and Default Judgment is in the public interest.

14. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Judgment and Default Judgment are binding upon Defendant Ariakon, and its officers, agents, servants,

representatives, employees, and all other persons or entities in active concern or participation with them, who receive actual notice of this Order by personal service or otherwise.

15. Because Plaintiff HK has established that Defendant Ariakon violated the Lanham Act and Georgia Deceptive Trade Practices Act, HK is entitled to recover, *inter alia,* the costs of the action. 15 U.S.C. § 1117(a); O.C.G.A. § 10-1-373(b).

16. Under the admitted facts, the Court also finds this to be an "exceptional case" of willful infringement warranting the award of attorney's fees in favor of Plaintiff and against Defendant. 15 U.S.C. § 1117(a); O.C.G.A § 10-1-373(b)(2).

17. The claimed amount of reasonable attorney's fees and costs are supported with a declaration and affidavit.

18. This action and the relief entered herein are in addition to, and not in lieu of, any other remedies that may be provided by law, including any proceedings that Plaintiff HK may initiate to enforce this Judgment, Default Judgment, and Permanent Injunction.

I.

PROHIBITED BUSINESS ACTIVITIES

IT IS THEREFORE ORDERED that Defendant Ariakon, and its officers, agents, directors, employees, salespersons, independent contractors, subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, substitute service, or otherwise, whether acting directly or through any person, corporation, subsidiary, division, or other device, are hereby permanently enjoined from, or assisting others in,

A. Manufacturing,, distributing, advertising, marketing, offering, or selling in the United States, or importing into the United States, the products at issue, *i.e.,* the Sim-5 series of paintball guns portrayed in Exhibit A to this order, or any other products substantially or confusingly similar

to the weaponry designed by Plaintiff HK, including without limitation the HK MP-5 product portrayed in Exhibit B to this order.

  B. Imitating, copying, publishing, reproducing, or using, in any manner, the MP5® trademark (US Trademark Registration Number 1594109), or any other mark or design such as the Sim-5 designation that is confusingly similar to HK's registered MP5® mark or other marks owned by HK.

## II.

## ATTORNEY'S FEES AND COSTS

IT IS FURTHER ORDERED that

  A. Judgment for reasonable attorney's fees is hereby entered in favor of Plaintiff HK and against Defendant Ariakon in the amount of $15, 298.00.

  B. Judgment for costs is hereby entered in favor of HK and against Ariakon in the amount of $987.87.

  C. Ariakon shall pay these fees and costs in full within thirty (30) days of entry of this Order by the Court.

  D. All payments shall be made by certified check or other guaranteed funds payable to and delivered to HK, or by wire transfer in accord with instructions provided by HK.

## III.

## DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, Defendant Ariakon shall deliver a copy of this Order to all of its principals, officers, directors, and managers. Ariakon must also deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this

Order upon Ariakon. For new personnel, delivery shall occur prior to them assuming their responsibilities.

IV.

HK'S AUTHORITY TO MONITOR COMPLIANCE

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order, Plaintiff HK is authorized to monitor Defendant Ariakon's compliance with this Order by all lawful means, including, but not limited to the following means: Obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45.

V.

RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED, this 24th day of November, 2009.

    S/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John M. Bowler
John M. Bowler, Esq.
Georgia Bar No. 071770
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite .5200
600 Peachtree Street NE
Atlanta, Georgia 30308
Tel: (404) 885-3190
Fax: (404) 962-6513
E-mail: john.bowler@troutmansanders.com

Attorneys for Plaintiff Heckler & Koch, Inc.